**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

| | |
|---|---|
| STEVEN MICHAEL NOPPENBERGER, Appellant, | DOCKET NUMBER PH-0752-13-0454-I-1 |
| v. | |
| UNITED STATES POSTAL SERVICE, Agency. | DATE: September 15, 2014 |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Steven Michael Noppenberger, Westminster, Maryland, pro se.

Norma B. Hutcheson, Esquire, Landover, Maryland, for the agency.

**BEFORE**

Susan Tsui Grundmann, Chairman
Anne M. Wagner, Vice Chairman
Mark A. Robbins, Member

**FINAL ORDER**

¶1      The appellant has filed a petition for review of the initial decision, which affirmed his removal.  Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the

_____

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law.  Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions.  In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law.  *See* 5 C.F.R. § 1201.117(c).

erroneous application of the law to the facts of the case; the judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. *See* Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, and based on the following points and authorities, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

¶2    Effective June 18, 2013, the agency removed the appellant from his position of Rural Letter Carrier based on one charge of unsatisfactory work performance and one charge of improper conduct and failure to follow instructions. Initial Appeal File (IAF), Tab 1 at 16. The appellant filed the instant appeal with the Board on June 19, 2013, to contest his removal. IAF, Tab 1.

¶3    After conducting a hearing and allowing the appellant an opportunity to provide additional testimony, the administrative judge issued an initial decision affirming the appellant's removal. IAF, Tab 27, Initial Decision (ID) at 1. Upon consideration of record and testimonial evidence and making credibility determinations, the administrative judge found that the agency proved, by preponderant evidence, the six specifications listed for the charge of unsatisfactory work performance and the five specifications listed for the charge of improper conduct and failure to follow instructions. ID at 2-4. The administrative judge also found that the appellant failed to challenge or deny the specifics of the charges. ID at 3-4. In addition, the administrative judge found that, while reprisal for exercising a grievance is a prohibited personnel practice under 5 U.S.C. § 2302(b)(9), here, the appellant failed to establish a nexus

between his removal and his grievance activities; the administrative judge also found ample support in the record for the conclusion that the agency's action was based on the stated charges. ID at 5-6. As a result, the administrative judge found that the appellant failed to prove his affirmative defense. Finally, the administrative judge found that the penalty of removal was reasonable and promoted the efficiency of the service. ID at 7-9.

¶4    The appellant timely filed a petition for review. Petition for Review (PFR) File, Tab 1. The agency filed a response, PFR File, Tab 3, and the appellant filed a reply to the agency's response, PFR File, Tab 4.[2]

## DISCUSSION OF ARGUMENTS ON REVIEW

¶5    On review, for the most part, the appellant denigrates the agency, his union, and the Board but does not contest the administrative judge's findings that the agency proved both charges by preponderant evidence and that the penalty was reasonable. *See* PFR File, Tabs 1, 4. Because those findings are supported by the weight of the record evidence and applicable law, and the appellant has provided no reason to disturb them, we defer to the administrative judge's well-explained findings regarding those issues. *See Crosby v. U.S. Postal Service*, 74 M.S.P.R. 98, 106 (1997) (finding no reason to disturb the administrative judge's findings, where she considered the evidence as a whole, drew appropriate inferences, and made reasoned conclusions); *Broughton v. Department of Health & Human Services*, 33 M.S.P.R. 357, 359 (1987) (same).

¶6    The appellant does challenge the administrative judge's finding regarding his retaliation claim. PFR File, Tab 1 at 4-5. Nonetheless, as discussed below, we agree with the administrative judge that the appellant failed to establish that

---

[2]   The appellant filed a pleading titled "Submission of Settlement Agreement." PFR File, Tab 5. However, the pleading is a settlement offer, to which the agency has not filed a response. *Id.* The Board need not consider the appellant's settlement offer when reviewing the appropriateness of his removal, as the offer is entitled to no weight. *See Nettles v. Department of the Army*, 52 M.S.P.R. 181, 185 (1991).

his removal was in retaliation for filing grievances with the National Labor Relations Board (NLRB). Furthermore, the appellant's claims of judicial bias, *see* PFR File, Tab 1 at 4-5, Tab 4 at 4-5, Tab 4 at 4-5, are without merit and, similarly, do not provide any reason for disturbing the initial decision.

<u>We discern no basis for disturbing the administrative judge's finding that the appellant failed to establish his retaliation claim.</u>

¶7        A claim of retaliation for exercising "any appeal, complaint, or grievance right granted by any law, rule, or regulation" is covered under 5 U.S.C. § 2302(b)(9), and can be raised as an affirmative defense to an otherwise appealable action. *Rhee v. Department of Treasury*, 117 M.S.P.R. 640, ¶ 20 (2012). For an appellant to prevail on an affirmative defense of illegal retaliation for activity protected under 5 U.S.C. § 2302(b)(9), he has the burden of showing that: (1) he engaged in an activity protected under the section; (2) the accused official knew of the protective activity; (3) the adverse action under review could have been retaliation under the circumstances; and (4) there was a genuine nexus between the alleged retaliation and the adverse action. *Id.*, ¶ 21. The administrative judge correctly found that, while the appellant met the first three prongs of the test, he failed to establish a nexus between his filing of grievances with the NLRB and his removal.

¶8        To establish a genuine nexus between the protected activity and the adverse employment action, the appellant must prove that the employment action was taken because of the protected activity. *Murray v. General Services Administration*, 93 M.S.P.R. 560, ¶ 6 (2003). As is required, the administrative judge's finding was based on a careful weighing of the intensity of the officials' motive to retaliate against the gravity of the charged misconduct or the inadequacy of the performance of duties. *See Warren v. Department of the Army*, 804 F.2d 654, 658 (Fed. Cir. 1986) (a careful scrutiny of the intensity of the motive to retaliate is necessary under test (4) to be weighed with the gravity of the misconduct charged, or inadequacy of the performance of duties, so that the

trier of fact can make an informed and reasoned determination whether the "nexus" exists); *Pyun v. Social Security Administration*, 111 M.S.P.R. 249, ¶ 12 (2009) (same).

¶9        The administrative judge found that the appellant's grievances primarily concerned questions about his mail route. ID at 5. However, as the administrative judge further found, the allotted time for the appellant's route was determined by contract between the union and the agency, and the policy affected all rural letter carriers. ID at 5. Thus, the administrative judge correctly found that, even though the officials were aware of the appellant's grievance activity, the officials had "little reason or motive to retaliate" against the appellant. ID at 6. Contrary to the appellant's insufficiency of evidence or argument, *see* PFR File, Tab 1 at 4-5, the record and testimonial evidence fully supports the administrative judge's determination that "[t]he appellant's deliberate refusals to finish his mail route or other activities as directed by his supervisors clearly have a serious, negative impact on the agency's ability to complete its mission," ID at 6. Thus, the gravity of the misconduct charged weighs against a finding that the agency removed the appellant in retaliation for his grievance activity. The appellant's bare statements that he was retaliated against, *see* PFR File, Tab 1 at 4-5, do not rebut this finding. Therefore, because the appellant failed to establish that a nexus existed between his grievance activity and his removal, he failed to prove his affirmative defense of retaliation.

The appellant has not established that the administrative judge was biased.

¶10       On review, as below, the appellant argues, among other similar claims, that the administrative judge "blatantly favored" the agency. *Id.* at 4. While the Board takes seriously the concerns of the parties who come before it, to establish bias or prejudice against an administrative judge, a party must overcome the presumption of honesty and integrity that accompanies administrative judges. *Tyler v. U.S. Postal Service*, 90 M.S.P.R. 545, ¶ 6 (2002). An administrative

judge's conduct during the course of a Board proceeding warrants a new adjudication only if the administrative judge's comments or actions evidence "a deep-seated favoritism or antagonism that would make fair judgment impossible." *Bieber v. Department of the Army*, 287 F.3d 1358, 1362-63 (Fed. Cir. 2002) (quoting *Liteky v. United States*, 510 U.S. 540, 555 (1994)). Furthermore, the administrative judge has wide discretion in determining what should be received into evidence and has the authority to exclude irrelevant or overly repetitious testimony. *See Taylor v. Department of Treasury*, 34 M.S.P.R. 495, 499 (1987).

¶11     Here, the appellant's claim of bias is based on the administrative judge's refusal to allow the appellant to admit irrelevant evidence and the administrative judge's well-reasoned finding that the appellant simply failed to meet his burden to establish his affirmative defense of retaliation. Thus, the appellant fails to show that the administrative judge went beyond the bounds of her discretion or exhibited bias or prejudice.

¶12     In sum, the appellant's claims that his removal was in retaliation for filing grievances with the NLRB are unsupported by the evidence or argument that he presents. Therefore, because the appellant's assertions fail to show that the administrative judge erred in affirming the appellant's removal, we find no reason to disturb the initial decision.

### NOTICE TO THE APPELLANT REGARDING
### YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the United States Court of Appeals for the Federal Circuit. You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the federal law that gives you this right. It is found in Title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012). You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode/htm. Additional information is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for your court appeal, you may visit our website at http://www.mspb.gov/probono for a list of attorneys who have expressed interest in providing pro bono representation for Merit Systems Protection Board appellants before the court. The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD: _____
William D. Spencer
Clerk of the Board

Washington, D.C.